O'BANNON CORPORATION *vs.* THOMPSON A. WALKER.

JUNE 19, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

SWEENEY, J. This is a petition under the Workmen's Compensation Act filed in the Superior Court by an employer against its former employee. After hearing the parties a justice of said court filed his decision finding that the respondent was an "employee" of the petitioner and a final decree was entered awarding the respondent the compensation provided by said Act. The respondent has brought the cause to this court by his appeal and alleges as reasons therefor that said decree is contrary to the law and the evidence in finding that he was an "employee" of the petitioner whose remuneration did not exceed $1,800 a year as defined in said Act.

The petition alleges that December 6, 1918, the respondent received personal injuries while in the course of his employment. The respondent admits that he was thus

injured, but contends that he was not an "employee" within the meaning of said Act, as his wages or remuneration exceeded $1,800 a year; and therefore is not precluded by said Act from pursuing his common law remedy against petitioner for his injuries.

The facts appearing in the record necessary for a consideration of this appeal are that September 11, 1918, the petitioner was under contract with the United States to manufacture gun cotton to be used in its war with Germany. The contract was subject to cancellation by the United States and soon after the signing of the armistice, November 11, 1918, the contract was cancelled. For the purpose of helping to manufacture gun cotton September 11, 1918, the petitioner employed the respondent as a tub man on a night shift in the washhouse. Respondent worked every night until December 6, 1918, when he was accidentally injured. His injuries rendered him unable to resume work for twenty-two weeks, and in the meantime the manufacture of gun cotton by the petitioner had ceased. The respondent never worked for the petitioner again. While working for the petitioner the respondent worked thirteen hours every night, and for all work over eight hours, or done on Sundays or holidays, he received extra pay, with the result that his average earnings for his twelve weeks of service were $44.71 per week.

The petitioner had duly elected to become subject to the provisions of the Workmen's Compensation Act prior to its employment of the respondent. Sec. 6 of Article 1 of said Act provides that the employee of an employer who has elected to become subject to the provisions of the Act shall be held to have waived his right of action at common law to recover damages for personal injuries if he shall not have given to his employer at the time of his contract of hire notice in writing that he claimed such right. Sec. 7 of said Article provides that the right to compensation for an injury, and the remedy therefor granted by said Act shall be in lieu of all rights and remedies as to such injury existing, either at common law or otherwise. Sec. 1 of Article II

provides that if the employee who has not given notice of his claim of common law rights of action receives a personal injury by accident arising out of and in the course of his employment, he shall be paid the compensation provided in said Act by the employer who shall have elected to become subject to its provisions.

It cannot be doubted that under the law and facts above stated the respondent was an employee of the petitioner at the time he received his injuries and entitled to the compensation provided in said Act. It is also clear that he had waived his right of action at common law to recover damages for his injuries as he gave no notice in writing to his employer, at the time of his contract of hire, that he claimed his right of action at common law to recover damages for personal injuries, if he should sustain any.

The respondent's claim that he was not an "employee" of the petitioner within the meaning of said Act is based upon the language of Section 1, Art. VIII which provides that, unless the context otherwise requires "(b) 'Employee' means any person who has entered into the employment of, or works under contract of service or apprenticeship with an employer, and whose remuneration does not exceed eighteen hundred dollars a year . . . ." Respondent claims that as his average weekly earnings were $44.71 while employed by the petitioner, his remuneration for a year would have been $2,324.92, and that the foregoing definition of "employee" excludes him from the provisions of said Act. We cannot agree with this claim. Respondent had no permanent term of employment with the petitioner. He could leave the service of the petitioner at any time or the petitioner could discharge him at any time. The remuneration respondent received depended upon the number of hours he worked. He had no express or implied contract that his employment would last for a year or that his wages or remuneration would exceed eighteen hundred dollars a year. He was engaged to perform war emergency work and his employment was liable to cease at any time. In fact, his opportunity to work for the petitioner ceased

within three weeks after he was injured by the cancellation of the contract and the permanent suspension of petitioner's war work. Respondent received $546.59 as remuneration for the time that he worked for the petitioner, and he would not have earned over $134.13 more if he had not been prevented from continuing his work by his injury. In *Taglinette* v. *The Sidney Worsted Co.*, 42 R. I. 133, 139, this court said the Workmen's Compensation Act has a beneficent design, and is to be interpreted with a liberality calculated to effectuate its purpose. The Act is to be construed without regard to its immediate financial effect upon either of the parties. It should receive such a construction as will extend its benefits to the largest possible class of employees and restrict those excluded to the smallest possible class.

To construe the section in favor of the claim of the respondent requires reading into it the words "the rate of" after the word "exceed". The General Assembly could have inserted these words in the section if it intended to exclude a larger class of employees from the benefits of said Act. We have no authority to add these words to the section. A case in which a somewhat similar section was construed favorably to the claim of the employee's dependents, against the objection of the employer, is that of *Kelley's Dependents* v. *Hoosac Lumber Co.*, (Vt.) 113 A. 818.

As the testimony shows that the respondent did not have a possible earning capacity of over $680.72 under his contract of hire with the petitioner, and consequently his remuneration would not exceed eighteen hundred dollars a year, we are of the opinion that he was an employee of the petitioner subject to the provisions of said Act and entitled to the compensation provided therein for the injuries sustained by him in the course of his employment.

The appeal is dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court.

*Gardner, Moss & Haslam*, for petitioner.

*John J. Richards, John P. Beagan, Edmund F. Beagan*, for respondent.